IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:21cr455-MHT |
| | ) | (WO) |
| WILLIAM COLON EASTERLING, | ) | |
| BRENT COLON EASTERLING, | ) | |
| WILLIAM TYLER EASTERLING, | ) | |
| And | ) | |
| GEORGE WILLIAM EASTERLING, | ) | |

**ORDER**

This cause is before the court on defendant George William Easterling's motion to continue the trial, as well as defendant William Colon Easterling's and the government's oral motions to continue the trial made on the record today. For the reasons set forth below, the court finds that jury selection and trial, now set for June 13, 2022, should be continued pursuant to 18 U.S.C. § 3161, as to defendants William Colon Easterling, Brent Colon Easterling, William Tyler Easterling, and George William Easterling.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States*

*v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any "period of delay resulting from the absence of unavailability of the defendant or an essential witness." § 3161(h)(3)(A). It also excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to

2

... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, a continuance is warranted because it appears that a defendant and an essential witness will likely both be unavailable for trial on June 13, and because the ends of justice served by granting a continuance outweigh the interest of the public and all four defendants in a speedy trial. During the conference call today, counsel for the government represented that one of the government's key witnesses will be unavailable on June 13 due to a family member's medical procedure, and that the government's case cannot proceed without him. Additionally, counsel for defendant William Colon Easterling represented that his health has deteriorated

3

significantly in the past week, and that he will likely be unable to participate in his trial if it is held on June 13.  In light of these developments, the court finds that it would be impracticable to hold the trial on June 13, and that the interests of justice demand that the trial be postponed until the government's key witness is available and defendant William Colon Easterling is healthy enough to participate.  In addition, none of the other three defendants objects to either motion.

Because the court finds an exclusion from the Speedy Trial Act's 70-day period appropriate as to defendant William Colon Easterling, the same exclusion is appropriate as to the other three defendants.  *See* 18 U.S.C. § 3161(h)(6) (excluding "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted"); *United States v. Struyf*, 701 F.2d 875, 878 (11th Cir.

4

1983) ("Section 3161(h)[6] ... makes clear that 'an exclusion applicable to one defendant applies to all codefendants.'") (quoting *United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir. 1982)).  Therefore, and because the court will grant the government's motion to continue the trial as to all defendants, the court denies as moot defendant George William Easterling's motion to continue the trial.

\*\*\*

Accordingly, it is ORDERED as followed:

(1) The government's oral motion to continue trial (Doc. 164) is granted as to all defendants.

(2) Defendant William Colon Easterling's oral motion to continue trial (Doc. 165) is granted.

(3) Defendant George William Easterling's motion to continue trial (Doc. 148) is denied as moot.

(4) The jury selection and trial, now set for June 13, 2022, are reset for August 8, 2022, at 10:00 a.m.,

5

in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama, as to defendants William Colon Easterling, Brent Colon Easterling, William Tyler Easterling, and George William Easterling.

The United States Magistrate Judge shall reset all appropriate pretrial deadlines in light of the new trial date and conduct another pretrial conference prior to the August trial term.

DONE, this the 31st day of May, 2022.

                                      /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE